UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEMARI CAMPBELL, | : |
| Plaintiff, | : |
| | : Civil Action No. 17-5250 (KM) (MAH) |
| v. | : |
| NEW JERSEY TRANSIT RAIL OPERATIONS INC., | : OPINION |
| Defendant. | : |

## I. INTRODUCTION

This matter comes before the Court by way of Defendant New Jersey Transit Rail Operations Inc.'s motion for leave to file a third-party complaint against Preferred Power Wash, Inc. Def.'s Mot. for Leave to File Third-Party Compl., Oct. 12, 2021, D.E. 54. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court has reviewed the parties' submissions and decided the motion without oral argument. For the reasons set forth below, the Court will deny the motion.

## II. BACKGROUND

Plaintiff initiated this matter by filing a Complaint against Defendant, her former employer, on July 18, 2017. Compl., July 18, 2017, D.E. 1, at ¶ 8. Plaintiff alleges that on January 23, 2016 at approximately 12:50 a.m., she exited one of Defendant's railroad cars and, due to an accumulation of ice and snow on the floor of the car and the station platform, slipped and fell. *Id.* at ¶¶ 10-11. According to the Complaint, Plaintiff sustained serious injuries and underwent surgery to repair damage to her left knee as a result. *Id.* at ¶ 15. Plaintiff claims the accident was caused by Defendant's negligence and violations of the Federal Employers' Liability Act, 45

U.S.C. § 51 *et seq.*; Federal Safety Appliances Act, 49 U.S.C. §§ 20301 *et seq.*; and Federal Locomotive Inspection Act, 49 U.S.C. §§ 20701 *et seq. Id.* at ¶¶ 12, 14-15.

Defendant filed its Answer on September 19, 2017. Answer, Sept. 19, 2017, D.E. 4. One month later, on March 20, 2018, the Court entered a Pretrial Scheduling Order instructing the parties to file "[a]ny motion to add new parties or amend pleadings, whether by amended or third-party complaint" by June 27, 2018. Pretrial Scheduling Order, Mar. 20, 2018, D.E. 11, at ¶ 12. Three Amended Scheduling Orders were filed over the course of this matter. Am. Scheduling Order, Sept. 2, 2020, D.E. 34; Am. Scheduling Order, Dec. 9, 2020, D.E. 40; Am. Scheduling Order, Apr. 7, 2021, D.E. 44. The deadlines to complete factual and expert discovery were extended, but the June 27, 2018 deadline to file motions to add new parties or amend was not. Am. Scheduling Order, D.E. 44, at ¶¶ 1-4.

On August 3, 2018, thirty-seven days after the June 27, 2018 cut-off date, this matter and others in which New Jersey Transit was named as a defendant were stayed pending the Third Circuit's determination of whether "based upon the decision in *Karns* [*v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018)], claims against NJ Transit in federal court may be precluded as a result of Eleventh Amendment immunity." Order, Aug. 3, 2018, D.E. 16, at pp. 1-2; *see also* Order, March 18, 2019, D.E. 18 (continuing stay). The stay was lifted on July 12, 2019, and the parties thereafter engaged in discovery. Order, July 12, 2019, D.E. 20; Def.'s Br. in Supp., D.E. 54-2, at p. 1, ¶ 5.

Over two years later, on September 23, 2021, Defendant notified the Court that discovery had revealed snow removal for the train station where Plaintiff was reportedly injured was handled by a third-party contractor: Preferred Power Wash ("PPW"). Def.'s Letter, Sept. 23, 2021, D.E. 48, at pp. 1-2. Defendant filed the instant motion for leave to file a third-party complaint against

PPW nineteen days later. Def.'s Mot. for Leave, D.E. 54. Plaintiff opposes the motion. Pl.'s Br. in Opp'n, Oct. 29, 2021, D.E. 56.

### III. DISCUSSION

Federal Rule of Civil Procedure 14(a)(1) allows defendants to act as third-party plaintiffs and "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." However, "the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id.*; *see also Spencer v. Cannon Equip. Co.*, Civ. No. 07-02437, 2009 WL 1883929, at *2 (D.N.J. June 29, 2009)). "A third-party plaintiff's claim must present a theory upon which the third-party defendant can be liable to the third-party plaintiff under some theory of secondary liability, i.e., indemnification, contribution, or some other theory of derivative liability recognized by relevant substantive law." *Meehan v. Bath Auth., LLC*, Civ. No. 18-17444, 2021 WL 130483, at *1 (Jan. 14, 2021) (quoting *Ronson v. Talesnick*, 33 F. Supp. 2d 347, 356 (D.N.J. 1999)). Under Local Civil Rule 7.1(f)(1), a party seeking leave to file a third-party complaint must also "attach to the motion a copy of the proposed pleading." "[A] failure to do so is fatal to a request for leave [to file a third-party complaint]," *see Parker v. Howmedica Osteonics Corp.*, Civ. No. 07-02400, 2008 WL 141628, at *5 n.5 (D.N.J. Jan. 14, 2008), because a draft is necessary for the Court's and the parties' consideration, *Folkman v. Roster Fin. LLC*, Civ. No. 05-02099, 2005 WL 2000169, at *8 n.7 (D.N.J. Aug. 16, 2005).

Defendant neglected to attach a draft of its proposed third-party complaint to its motion papers. *See* Def.'s Br. in Supp., D.E. 54-2, at p. 4. Instead, Defendant filed a copy of its proposed pleading on November 15, 2021, two weeks after Plaintiff filed her response in opposition and a week after Defendant's reply papers were due. *See* Def.'s Letter, Nov. 15, 2021, D.E. 57.

Defendant's motion therefore does not comply with Local Civil Rule 7.1(f)(1), as the Rule requires that a copy of a proposed pleading be filed with the movant's motion papers, not after briefing has concluded. That deficiency alone is a basis for denial. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). Nevertheless, the Court is not persuaded that leave to file a third-party complaint would be warranted even if Defendant had complied with this requirement.

The Court has the discretion to permit or deny joinder under Rule 14. *Spencer*, 2009 WL 1883929, at *2. In determining whether to grant leave to file a third-party complaint under Rule 14(a), courts generally consider: "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." *Meehan*, 2021 WL 130483, at *1 (quoting *Spencer*, 2009 WL 1883929, at *2).

The Court first addresses the timeliness of Defendant's request. Defendant belatedly filed the instant motion on October 12, 2021, over three years after the Court's June 27, 2018 deadline to file "[a]ny motion to add new parties" and over two years after the stay of this matter was lifted. *See* Pretrial Scheduling Order, D.E. 11, at ¶ 12; *see also* Def.'s Mot. for Leave, D.E. 54; Order, D.E. 20. Defendant states the delay occurred because defense counsel only learned of the existence of a contract between Defendant, PPW, and New Jersey Transit "[i]n or about September of 2020." Def.'s Br. in Supp., D.E. 54-2, at ¶ 7. Defendant acknowledges, however, that it produced a document "identif[ying] the 'Employee/Contractor' responsible for snow removal at the station [where Plaintiff was injured] as 'Clemente Mendez'" as part of its discovery productions, and that it notified Plaintiff that Mendez was not a New Jersey Transit employee in early August 2020. *Id.* at ¶¶ 5-6. Moreover, in its September 2017 Answer, Defendant pleaded that "[t]he incident and damages alleged are due to the negligence of third persons over whom this defendant exercised no

4

control." Answer, D.E. 4, at p. 2, ¶ 4.  The Court reasonably infers from these admissions that Defendant had in its possession the basic facts necessary to implead PPW as a third-party defendant at the inception of this matter, well before the June 27, 2018 deadline.

Neither Defendant's failure to carefully review its records nor its mistaken impression "that PPW would be fulfilling their obligations pursuant to the contract" negate the tardiness of this motion.  *Id.* at ¶ 11.  The Court also notes that it strains to understand the basis for Defendant's faith in PPW, given PPW's apparent failure to communicate with Defendant after November of 2020.  *See id.* at ¶¶ 9-11.  In sum, this factor weighs in favor of denying the motion.  *Id.* at *2.

The Court next examines the probability of trial delay.  "[D]elay is expected with the majority of Rule 14 motions."  *Hitachi Cap. Am. Corp. v. Nussbaum Sales Corp.*, Civ. No. 09-00731, 2010 WL 1379804, at *5 (D.N.J. Mar. 30, 2010).  In analyzing this factor, courts consider "whether fact discovery is still open and whether impleading the third-party defendants will require complex, additional discovery."  *BRG Harrison Lofts Urb. Renewal LLC v. Gen. Elec. Co.*, Civ. No. 16-06577, 2020 WL 4932755, at *4 (D.N.J. Aug. 24, 2020).  Fact discovery in this matter closed on June 1, 2021.  Scheduling Order, D.E. 44, at ¶ 1.  Defendant nevertheless argues that PPW's impleading "will increase the probability of an earlier resolution" and that "very little, if any, additional discovery will be necessary."  Def.'s Br. in Supp., D.E. 54-2, at p. 7.  The Court disagrees for two reasons.  First, because Defendant cannot predict PPW's litigation strategy; PPW may join and be unwilling or unable to settle this matter.  *See Meehan*, 2021 WL 130483, at *2.  Second, as a third-party defendant, PPW will be entitled to take discovery and will be required to make certain disclosures, which will likely delay trial for several months.  Fed. R. Civ. P. 26(a)(1)(A) and (D); *see also Mechin v. Carquest Corp.*, Civ. No. 07-5824, 2010 WL 3259808, at *5 (D.N.J. Aug. 17, 2010).  This factor consequently weighs in favor of denying the motion.

Beyond stating "the issues in this case are not very complicated," Defendant does not address whether PPW's impleading will complicate issues at trial.  Def.'s Br. in Supp., D.E. 54-2, at pp. 4-5.  Plaintiff argues trial will become more complicated because Defendant and PPW will be subject to separate legal standards, in that the claims against Defendant rely upon the Federal Employers' Liability Act and the proposed claims against PPW will be based in New Jersey common law.  Pl.'s Br. in Opp'n, D.E. 56, at p. 14.  The Court notes that "in most, if not all, cases involving impleaded parties, the movant's claims against the third-party defendant might delay resolution of the matter and increase the complexity of the trial."  *XL Specialty Ins. Co. v. PCS Wireless Warehouse, Inc.*, Civ. No. 18-17210, 2020 WL 967855, at *4 (D.N.J. Feb. 28, 2020) (first citing *Hitachi*, 2010 WL 1379804, at *5-6; and then citing *Spencer*, 2009 WL 1883929, at *4).  "However, basic contribution or indemnification claims are not found to complicate matters at trial" because those third-party claims typically involve the same factual circumstances as the underlying complaint.  *BRG Harrison Lofts*, 2020 WL 4932755, at *5 (first citing *LM Ins. Co. v. All-Ply Roofing Co., Inc.*, Civ. No. 14-4723, 2017 WL 1136669, at *3 (Mar. 27, 2017); and then citing *Krassan v. Havana, Inc.*, Civ. No. 14-1405, 2014 WL 6609117, at *3 (D.N.J. Nov. 20, 2014)).  Defendant's proposed third-party claims are for breach of contract, contractual indemnification, contribution, and unjust enrichment.  Proposed Third-Party Compl., Nov. 15, 2021, D.E. 57-1, at pp. 2-4.  Because these claims involve the same factual circumstances as Plaintiff's Complaint, *see id.*, the Court finds this factor weighs in favor of granting Defendant's motion.

The final consideration in this analysis is the prejudice to the original plaintiff.  Defendant argues "[t]here will be absolutely no prejudice to the Plaintiff" and iterates its belief that "it is highly unlikely that PPW would even need to redepose the Plaintiff or conduct any new or

duplicative discovery." Def.'s Br. in Supp., D.E. 54-2, at pp. 4-5.  Defendant also contends that any resulting delay can be mitigated by bifurcating Plaintiff's personal injury claim from Defendant's contract claim against PPW. *Id.* at pp. 5, 8.  The Court does not find either argument persuasive.  The Court rejects Defendant's first argument for the reasons discussed in its analysis of the "probability of trial delay factor."  Regarding Defendant's second argument, the Court acknowledges that it possesses the ability to "[f]or convenience, to avoid prejudice, or to expedite and economize . . . order a separate trial of one or more separate issues, claims, . . . or third-party claims." Fed. R. Civ. P. 42(b).  That does not mean, however, that bifurcation would be proper in this case.  "The party seeking bifurcation must demonstrate that [it] will suffer prejudice if separate trials are not granted," and Defendant has made no such showing. *Raritan Baykeeper, Inc. v. NL Indus., Inc.*, Civ. No. 09-04117, 2014 WL 4854581, at *3 (D.N.J. Sept. 30, 2014) (alteration in original) (quoting *Miller v. N.J. Transit Auth.*, 160 F.R.D. 37, 40 (D.N.J. 1995)).  Consequently, the Court is not convinced that bifurcation is warranted, or would negate any prejudice to Plaintiff if Defendant were granted leave to file a third-party complaint.  Accordingly, this factor weighs in favor of denying the motion.

      The Court holds that, overall, the relevant Rule 14 factors weigh against granting Defendant leave to implead PPW.  For that reason, and for Defendant's failure to comply with Local Civil Rule 7.1, the Court denies the motion.

## IV. CONCLUSION

Defendant's motion for leave to file a third-party complaint against PPW is **DENIED**. An appropriate Order accompanies this Opinion.

*/s Michael A. Hammer*
**Hon. Michael A. Hammer,
United States Magistrate Judge**

Dated: November 18, 2021